UNITED STATES of America,
Plaintiff–Appellee,

v.

Martin R. HIMSEL, a/k/a Richard Himsel, Defendant–Appellant.

No. 90–3195.

United States Court of Appeals,
Seventh Circuit.

Submitted April 9, 1991.

Decided Dec. 18, 1991.

Rehearing Denied March 3, 1992.

---

WILL, Senior District Judge.

This appeal presents a pair of questions about sentencing, one about the kinds of reasons a district judge must give to justify a departure from the Guidelines and the other about whether and when a district judge may, on his own motion, vacate a sentence and enter another.

Martin Himsel is an Indiana farmer, third generation, for whom the early and mid 1980's were hard times. Neither the weather, U.S. trade policy nor luck seem to have favored him, and to keep going he took out loans, pledging reserves of corn and soy beans as security. But he pledged more than he had and misappropriated some of what he had pledged. During a routine spot check, an agent from the Agricultural Stabilization and Conservation Service partially found him out, and not long afterwards Himsel walked into a United States Attorney's office and fessed up. He was indicted for having wrongfully converted 33,100 bushels of corn pledged to the Commodity Credit Corporation, 15 U.S.C. § 714m(c),—he says the corn was spoiled and he fed it to his cattle—and also for having knowingly made false statements to procure loans. 15 U.S.C. § 714m(a). After a plea agreement, the fraud charges were dropped, in return for which Himsel pleaded guilty to conversion.

Sentencing was set for August 10, 1990. At the end of a lengthy hearing, the district judge, accepting Himsel's plea, computed a base offense level, added points to that base score for substantial planning, subtracted points for acceptance of responsibility, came up with a total offense level, figured the corresponding prison term and then imposed sentence. In announcing the sentence, however, he stated that he was going to depart from the Guidelines, in order to give a sentence without prison time, and he explained the departure as follows:

> ... I find this case, in which the nature of the crime is such that it was one that was not anticipated in the Sentencing Commission's preparation of the Guide-

Mark D. Stuaan, Asst. U.S. Atty. and Deborah J. Daniels, U.S. Atty., Office of the U.S. Atty., Indianapolis, Ind., for plaintiff-appellee.

James L. Lowry, Kendall, Wood, Lowry & Kessinger, Danville, Ind., for defendant-appellant.

Before COFFEY and MANION, Circuit Judges, and WILL, Senior District Judge.*

* The Honorable Hubert L. Will, Senior District Judge of the United States District Court for the Northern District of Illinois, is sitting by designation.

lines, and I am going to, for that reason, digress or go below the Guidelines and will impose a sentence ... of probation for a term of five years with the condition that [the defendant] serve six months in the community treatment center.

And the reason for the departure is, as I stated, the Sentencing Commission, in drawing up these charts and placing the various value levels in various categories, did not possibly anticipate the extraordinary circumstances placed in evidence here, so I'm departing from the Guidelines for that reason, and have imposed a sentence as I indicated....

A judgment order on the sentence was entered on August 17th, recording the sentence exactly as imposed at the sentencing hearing—six months in a community corrections center, no imprisonment, restitution in the amount of $251,220.07 and a special assessment of $50. But two weeks later, on August 31st, the district judge, acting on his own motion, vacated his sentencing order and called Himsel for resentencing. At a hearing on September 4th, he explained his reasons for vacating the original sentence this way:

> ... [L]et me point out at the sentencing hearing my sentence imposed came at the conclusion of probably about five hours worth of a sentencing hearing, and, regrettably, the building management here decided to turn the air conditioning off for about the last half hour of that. It was rather warm. And I spoke precipitously in stating that the sentencing commission did not take into consideration the extraordinary circumstances present in this case and used that as a justification for departure from the guidelines which require a minimum ten-month sentence, one half of which has to be served in prison and the balance in community confinement.... That is not an adequate articulation of a reason to depart from the guidelines, and there is no adequate reason to depart from the guidelines based on the record of the evidence before the Court....

Himsel asked for an opportunity to file written objections to the court's order vacating sentence and to its explanation for doing so and he was given one. A further hearing was then scheduled for September 28th and in the interim Himsel filed a brief arguing for reinstatement of his original sentence while the government filed one urging resentencing.

On September 28th the hearing was held, and this time the district judge imposed a new sentence, over Himsel's objection, per the letter of the Guidelines, with prison time and without departing—5 months imprisonment, five months in a community corrections center, three years supervised release, and restitution and a special assessment. Himsel, pointing to Fed. R.Crim.P. 35, argues, first, that the district judge had no authority to vacate his original sentence and impose a new one.

■■■ Before 1987, Rule 35(a) contained an express provision allowing a district court to "correct an illegal sentence at any time." That provision, however, has been dropped in the current version of 35(a), which only refers to the possibility of correcting an illegal sentence "on remand" and might, consequently, seem to reserve the correcting of unlawful sentences to the courts of appeals. But that would be a strange result. Appeals are costly and if a clear error of law can be corrected beforehand, possibly sparing an appeal, then so much the better. Moreover, the power to reconsider is the usual rule. In most matters, a court retains jurisdiction to reconsider its decisions, at least within a set period of time, and usually either on its own motion or on a motion by the parties. See Fed.R.Civ.P. 59; Fed.R.App.P. 35. In matters of sentencing, district courts have always had the authority to correct *illegal* sentences, both under previous versions of Rule 35 and even before Rule 35 was first enacted. See former Fed.R.Crim.P. 35(a); *United States v. Henry,* 709 F.2d 298, 307–308 (5th Cir.1983). We note, in addition, that the newest amendments to Rule 35(c) make that authority explicit once again and that the Committee Notes explaining those newest amendments comment that they are meant to "in effect codify" the holdings in *United States v. Rico,* 902 F.2d 1065 (2d

Cir.1990) and *United States v. Cook,* 890 F.2d 672 (4th Cir.1989) that district courts, notwithstanding the present wording of the rule, have an inherent authority to correct illegal sentences. The Committee Notes, moreover, do not suggest at all that the currently effective language of the rule was in any way meant to diminish or deny that authority. See future Fed.R.Crim.P. 35(c) (effective Dec. 1, 1991) ("The court, acting within 7 days after the imposition of sentence, may correct a sentence that was imposed as a result of arithmetical, technical, or other clear error.").

So far, all we have said is that the district judge had authority to vacate Himsel's first sentence *if that sentence was illegal.* Yet Himsel argues that the first sentence was not illegal. That first sentence, however, with no prison term, was below the Guidelines range: the Guidelines provided for a minimum sentence of five months in prison, half the lowest sentence for a criminal history category of I and a base offense level of 12. See the sentencing table and Guidelines § 5C2.1(d) (1988). Departures from the Guidelines are permitted, of course. But both the decision to depart and the extent of the departure must be explained. Specific reasons for departing must be given. Specific mitigating or aggravating factors must be pointed to, clearly and on the record. 18 U.S.C. § 3553(c)(2); *United States v. Wells,* 878 F.2d 1232, 1233 (9th Cir.1989); *United States v. Michel,* 876 F.2d 784, 786 (9th Cir.1989).

Here, the only explanation the district judge gave for departing from the Guidelines was a kind of parroting of 18 U.S.C. § 3553(b): "The Sentencing Commission, in drawing up these charts and placing the various value levels in various categories, did not possibly anticipate the extraordinary circumstances placed in evidence here, so I'm departing from the Guidelines for that reason. . . ." That much explanation was not enough, which is why the district judge resentenced. Simply stating that "this is an extraordinary case" does not explain *why* the case is extraordinary. It is a conclusion, not a statement of reasons.

The same is also true of a general recitation to the effect that "the circumstances placed in evidence here exceed anything the Sentencing Commission ever considered." Which specific circumstances didn't the Commission consider? Why do those circumstances justify a departure? And why don't they justify a departure but a smaller one? Or a bigger one?

Any sentence under the Guidelines must be accompanied by a statement of "reasons for [the] imposition of the particular sentence," 18 U.S.C. § 3553(c), and a sentence that departs from the Guidelines must be accompanied by a particularly detailed and specific set of reasons. A sentence for which no reasons or only inadequate reasons are given is not a lawful sentence, and Himsel's first sentence, with its departure explained only by the conclusory assertion that the Guidelines do not "possibly anticipate the extraordinary circumstances placed in evidence here," was therefore illegal, as the district judge came to realize.

Naturally, Himsel believes that the district judge resentenced him not because of any realization that the reasons he originally gave for departing from the Guidelines were inadequate but purely because, for some reason or other, he changed his mind—that, on second thought, the same facts looked different to the judge and, having regrets, he decided to give a stiffer sentence than he had previously, nailing on a prison term. This shows that even the appearance that a judge might have had a change of mind may invite speculation about what possibly caused the change. Because when a court vacates a sentence on its own motion such speculation is almost inevitable, sua sponte resentencing is a practice best to be avoided.

A second sentence, nonetheless, is not automatically a less correct disposition than a first sentence simply for having come second; and it is realities not appearances about which we are ultimately concerned. This is obvious—else, we would never remand cases for resentencing. And it is only slightly less obvious that a second sentence will not always even appear less

correct than the first, even to the defendant. If the district judge had departed upwards from the Guidelines rather than down when he sentenced Himsel the first time round, but then, realizing that his reasons for an upwards departure were inadequate and that there were in fact no proper reasons, had resentenced Himsel using the lower sentence the Guidelines recommend, Himsel undoubtedly would not be appealing his sentence now. For then the second sentence would be shorter than the first.

■ That scenario, however, is in all respects, except for the length of the second sentence compared to the first, exactly analogous to what took place here. What the district judge said before resentencing was that on further reflection he had realized that the law requires reasons of a different kind than he had given to justify his earlier departure and that, aware now of what kinds of reasons were legally required, he found that there were none. That left the judge no choice but to send Himsel to prison, and it must have been an outcome which still did not thrill him. He probably hadn't changed his mind about the equities of the case—he still sentenced Himsel to absolutely the shortest prison term he could.

Because the second sentence is stiffer than the first, Himsel has appealed. But his first sentence was illegal, his second is not, and the judgment of the district court is, therefore, affirmed.

MANION, Circuit Judge, dissenting.

Allowing district courts to correct illegal sentences as the district court did here may be a more efficient process than forcing parties to appeal illegal sentences. Nevertheless, I conclude that Fed.R.Crim.P. 35(a) as amended in 1987 forecloses this procedural route. Therefore, I respectfully dissent from the majority's opinion.

Before being amended in 1987, Rule 35(a) specifically allowed a district court to correct an illegal sentence "at any time" and to correct a sentence imposed in an illegal manner within a reasonable time after a motion filed within 120 days after sentencing. But the amended Rule 35(a) provides only that "the court shall correct a sentence *that is determined on appeal* ... to have been imposed in violation of the law, to have been imposed as a result of an incorrect application of the sentencing guidelines, or to be unreasonable, *upon remand of the case to the court....*" (Emphasis added.) Amended Rule 35 (effective November 1, 1987) omits any general authority in the district courts to correct illegal sentences. I do not believe this omission was inadvertent. The most reasonable implication from the omission of any such authority and the specific mention of correction after appeal and remand is that sentencing decisions in the district court are to be final, subject to change only if appealed.

In enacting the Sentencing Reform Act, "Congress realized that '[a]ppellate review of sentences is essential to assume that the guidelines are applied properly and to provide case law development of the appropriate reasons for sentencing outside the guidelines.'" *United States v. Jordan,* 915 F.2d 622, 627 (11th Cir.1990) (quoting S.Rep. No. 225, 98th Cong., 2d Sess. 158, *reprinted in* 1984 U.S.Code Cong. & Ad. News 3182, 3341). Funnelling allegedly illegal sentencing decisions to the courts of appeals, as a plain reading of the amended Rule 35(a) requires, is consistent with the goals of proper case law development and consistent application of the guidelines. A court of appeals' decision on a sentencing question settles that question for all district courts in the circuit; a district court's decision on a sentencing question at best binds only itself, and leaves open the possibility of other district courts reaching contrary decisions.

Efficiency is important, and appeals are costly (although the "correction" did not avoid an appeal here). Nevertheless, because I conclude amended Rule 35(a) leaves no room for any inherent authority in a district court to correct illegal sentences on its own, I respectfully dissent from the majority's holding affirming Himsel's sen-

tence, and would vacate Himsel's sentence and remand for resentencing.