**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**John C. SALVADOR, Defendant–Appellee.**

No. 92–3458.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 30, 1993.

Decided March 15, 1994.

Thomas Edward Leggans (argued), Office of U.S. Atty., Criminal Div., Fairfield Heights, IL, Frederick J. Hess, U.S. Atty., Office of U.S. Atty., Benton, IL, for plaintiff-appellant.

Herbert L. Goldberg, Dennis A. Giovannini (argued), Giovannini & Goldberg, Chicago, IL, for defendant-appellee.

Before FAIRCHILD, COFFEY and RIPPLE, Circuit Judges.

COFFEY, Circuit Judge.

A jury convicted John C. Salvador of possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and of conspiring to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) and § 846. Salvador's probation officer concluded that the defendant demonstrated an acceptance of responsibility for his offenses, however, he reached this conclusion by failing to give credence to the Sentencing Guidelines commentary, i.e., providing no explanation as to why or how he concluded that Salvador was entitled to the reduction in light of § 3E1.1 Application Note 2 which expressly states that the reduction is "not intended to apply to a defendant" who only "admits guilt and expresses remorse" after trial. Based on the probation officer's recommendation (which failed to apply the Guidelines commentary), the trial judge reduced Salvador's offense

level by two levels (from 20 to 18) under § 3E1.1(a) of the United States Sentencing Guidelines.[1] The court sentenced Salvador to thirty months' imprisonment, to be followed by three years of supervised release, and ordered a special assessment of $100.00. The United States appeals the two-level reduction and argues that because Salvador went to trial solely to contest his factual guilt, Salvador is not entitled to the reduction under Application Note 2 to U.S.S.G. § 3E1.1. We agree with the government's position—reverse and remand.

## BACKGROUND

Salvador was arrested and charged with possession of marijuana with intent to distribute and with conspiring to distribute marijuana after Illinois State Police Officer Dennis Bauers discovered twenty-two packages of marijuana weighing a total of fifty-six kilograms (126 pounds) in Salvador's vehicle. Salvador pleaded not guilty. He did not testify at trial nor did his attorney present any witnesses on his behalf. During closing argument, defense counsel contended that Salvador was innocent of the crimes charged because Salvador's fingerprints did not appear on any of the packages of marijuana. The jury convicted Salvador on both counts. Following trial, the defense attorney drafted a statement on his client's behalf and submitted it to the probation officer stating that the defendant "admits his part in the instant crimes and is deeply remorseful as a result." The statement added that Salvador "was simply acting as a 'mule' in transporting" the marijuana.

Without delineating much less giving any logical explanation in the presentence report, Salvador's probation officer somehow determined that Salvador had demonstrated acceptance of responsibility for his offenses (conspiracy and possession of marijuana).[2]

The only language used in Salvador's presentence report regarding Salvador's acceptance of responsibility was that "[f]ollowing the jury verdict and upon the initial interview for the presentence investigation, Mr. Salvador acknowledged his involvement in the instant offenses.... The U.S. Probation Office is satisfied that the defendant has demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct, therefore, a reduction of two levels is recommended, pursuant to Section 3E1.1(a)." The government filed a timely objection to the presentence report's recommendation, pointing out that Salvador put the government to its burden at trial (subpoenaing and calling all its witnesses) and did not go to trial solely to assert and preserve constitutional issues not relating to his factual guilt as required in the Guidelines commentary, thus Salvador was precluded from receiving the two-level reduction pursuant to Application Note 2 to § 3E1.1.

During Salvador's sentencing hearing, the district judge gave the following statement:

Of course, the Court recalls the trial of the case, and there is certainly nothing other than his standing on his presumption of innocence and his plea of not guilty and going to trial, there was nothing that he did in this trial that would in any way deny that he did these things. He just put the Government to the test. In one way I have often thought that that's really more an obstruction of justice than it is a failure to accept responsibility. You might well say you're obstructing justice when you plead not guilty. Based on the pre-sentence report, the defendant has acknowledged his involvement to the probation officer. The probation officer has recommended, and he feels that the defendant has accepted responsibility, and I am going

---

**1.** Our analysis is based on the 1991 Sentencing Guidelines which were in effect at the time the defendant was sentenced on July 10, 1992. This Guideline section has since been amended. *See infra* note 2.

**2.** The probation officer cited to § 3E1.1(b) which states "A defendant may be given consideration under this section without regard to whether his

conviction is based upon a guilty plea or a finding of guilt by the court or jury or the practical certainty of conviction at trial." (This section was removed from the 1992 and 1993 Guidelines). The probation officer, however, failed to follow the commentary to this section of the Guidelines which expressly limits the acceptance of responsibility reduction to "rare situations" which we discuss *infra* at 1381–83. *See* § 3E1.1 comment. (n. 2).

to adopt that recommendation and overrule the Government's objections and find that the defendant is entitled to the two point reduction for the acceptance of responsibility.

Following the court's decision to allow the two-level reduction for acceptance of responsibility, Salvador addressed the court and apologized for his criminal activity of assisting in transporting across the country and standing guard over the 126 pounds (56 kilos) of marijuana; of course, by the time Salvador issued his apology, the trial court had publicly ruled that Salvador had demonstrated an acceptance of responsibility.

### DISCUSSION

U.S.S.G. § 3E1.1(a) provides for a two-level reduction in the offense level "[i]f the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct...." Whether a defendant has accepted responsibility for his crimes is a factual question depending largely on the credibility assessment of the sentencing judge. *United States v. Pitz*, 2 F.3d 723 (7th Cir.1993) (citing *United States v. Guadagno*, 970 F.2d 214, 224 (7th Cir.1992)), *petition for cert. filed*, (Jan. 28, 1994) (No. 93–7654). *"Any sentence under the Guidelines must be accompanied by a statement of 'reasons for [the] imposition of the particular sentence'."* *United States v. Himsel*, 951 F.2d 144, 147 (7th Cir.1991) (citing 18 U.S.C. § 3553(c)) (emphasis added).

Initially, we observe the court failed to explain the sentence in light of Application Note 2 to § 3E1.1, which states that the two-level reduction for demonstration of acceptance of responsibility "is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." This circuit has held in prior cases that Application Note 2 is not unconstitutional. *See Ebbole v. United States*, 8 F.3d 530, 535–37 (7th Cir.1993) (rejecting Fifth Amendment challenge), *cert. denied*, —— U.S. ——, 114 S.Ct. 1229, 127 L.Ed.2d 573 (1994); *United States v. Tolson*, 988 F.2d 1494, 1499 (7th Cir.1993) (rejecting Sixth Amendment challenge); *United States v. Saunders*, 973 F.2d 1354, 1362 (7th Cir. 1992) (rejecting Fifth and Sixth Amendment challenge), *cert. denied*, —— U.S. ——, 113 S.Ct. 1026, 122 L.Ed.2d 171 (1993); *Guadagno*, 970 F.2d at 225 (rejecting Sixth Amendment challenge). There are situations in which a defendant may exercise his constitutional right to trial and still receive the two-level reduction for acceptance of responsibility, for example, by specifically challenging the constitutionality of a statute. U.S.S.G. § 3E1.1 comment. (n. 2). Application Note 2 makes clear, however, that in those situations "a determination that a defendant has accepted responsibility will be based *primarily upon pre-trial statements and conduct.*" *Id.* (emphasis added). Application Note 1 identifies the *"timeliness of the defendant's conduct in manifesting the acceptance of responsibility"* as one factor in determining whether the defendant is entitled to the two-level reduction. (Emphasis added). *See United States v. Kerr*, 13 F.3d 203, 205 (7th Cir.1993) ("[a] defendant's failure to demonstrate truthfulness and remorse prior to 'the final hour' is certainly a factor upon which a judge might properly rely"); *Tolson*, 988 F.2d at 1499 ("[t]he reduction for a timely acceptance of responsibility was not adopted with the idea that a defendant might lessen his or her sentence *with a last minute, formalistic demonstration of remorse after the government has been forced to expend a great deal of time and resources"*) (emphasis added); *Guadagno*, 970 F.2d at 225 (*"post-trial admission of guilt to his probation officer during his presentence investigation interview was untimely"*) (emphasis added); *United States v. Leiva*, 959 F.2d 637, 644 (7th Cir.1992) (denying reduction to defendant who "admitted his participation in the offense only after a full trial"), *cert. denied*, —— U.S. ——, 113 S.Ct. 2372, 124 L.Ed.2d 277 (1993); *United States v. Williams*, 940 F.2d 176, 182 (6th Cir.) ("[a] letter sent [from the defendant to the court] prior to sentencing but after conviction does not reflect the type of timely acceptance of responsibility envisioned in the Sentencing Guidelines"), *cert. denied*, —— U.S. ——, 112 S.Ct. 666, 116 L.Ed.2d 757 (1991); *United*

*States v. Blas,* 947 F.2d 1320, 1330 (7th Cir. 1991) (holding *"the defendant's last-minute desperation attempt to accept responsibility [was not] a timely manifestation of such acceptance"*) (emphasis added), *cert. denied,* —— U.S. ——, 112 S.Ct. 1234, 117 L.Ed.2d 468 (1992).

■ In this case, Salvador 1) denied his guilt, 2) put the government to its burden of proof at trial, 3) was convicted, 4) did not express regret for his actions until after his conviction and the judge had decided to grant him the acceptance of responsibility reduction, and 5) excused his behavior by stating that he was simply acting as a "mule" (drug courier). Based on the record before us it is obvious that the sentencing judge granted Salvador the two-level reduction solely on the basis of the probation officer's conclusion that Salvador had demonstrated an acceptance of responsibility. The probation officer cited to U.S.S.G. § 3E1.1(b) in Salvador's presentence report and to Application Note 2 but the report failed to state any reasoning supporting the summary conclusion recommending the downward adjustment: it failed to explain the two-level reduction in light of Application Note 2's categorical statement that "[t]his adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse"; and it failed to provide any evidence of "pre-trial statements or conduct" demonstrating acceptance of responsibility. Not only was the presentence report deficient in this regard, but the sentencing judge clearly erred in by accepting the probation officer's recommendation on faith alone. When the probation officer fails to give any reasons for his recommendation, it is the obligation of the trial court to interrogate the probation officer to explore his reasoning as well as create a complete record to facilitate meaningful appellate review.

■ As we just stated, the court erred in simply accepting the presentence report's recommendation. Compounding this error is the fact that there was evidence in the record that the defendant did not in fact accept responsibility for his actions. The defen-

dant's statement that he "was simply acting as a mule" speaks more eloquently than anything in this record that Salvador failed to accept responsibility for his offenses. Rather than demonstrating remorse and contrition, Salvador's statement was nothing but an excuse to downplay the all-important role he as a drug courier played in the drug distribution operation. In *United States v. Osborne,* 931 F.2d 1139 (7th Cir.1991), we stated that:

> *couriers are an indispensible part of drug dealing networks. Without somebody to take the drugs across the border [or across the country], the drugs will never reach the illicit market.* In addition, the mere fact that *a defendant was apprehended while acting as a courier does not imply that the defendant* is *only* a courier. *The district judge need not accept the defendant's self-serving account of his role in the drug organization.* Finally, *even if the defendant were purely a courier having no knowledge of the other aspects of the drug-dealing operation, the defendant might nonetheless be a highly culpable participant in the operation.* A courier who willingly *undertakes illegal transit without asking many questions is especially valuable to a criminal organization. When police apprehend[ ] a studiously ignorant courier, the organization can rest comfortably, knowing that its other operations remain hidden from the law.*

If the Sentencing Commission wished to establish a special downward adjustment for all drug couriers, it could easily have done so. It could have included courier status as a special offensive characteristic in § 2D1.1, the guideline setting the base offense level for drug traffickers. The Commission could have done so, but it did not. *United States v. Buenrostro,* 868 F.2d 135, 138 (5th Cir.1989), [*cert. denied,* 495 U.S. 923, 110 S.Ct. 1957, 109 L.Ed.2d 319 (1990) ] (emphasis in original and supplied).

\*     \*     \*     \*     \*     \*

Very clearly, the courier performs an important conveyance and/or transportation function in a drug conspiracy and is a necessary culpable member who helps in-

sure the success of the overall conspiratorial drug distribution scheme. 931 F.2d at 1158–59. *See also United States v. Rangel–Arreola,* 991 F.2d 1519, 1524 (10th Cir.1993) (holding that "[d]rug couriers are an indispensable component of drug dealing networks" and the defendant drug courier (mule) "played an important role in the marijuana trafficking operation"); *United States v. Rossy,* 953 F.2d 321, 326 (7th Cir.) ("[w]e have emphasized the important role that couriers play in a drug distribution network"), *cert. denied,* — U.S. —, 112 S.Ct. 1240, 117 L.Ed.2d 473 (1992). Although these statements about the important role drug couriers play in drug conspiracies were made in the context of the defendants' role in the offense, U.S.S.G. § 3B1.2, we are of the opinion that Salvador's attempt to minimize his role is further evidence that he has failed to accept responsibility for his conduct.

Notwithstanding the fact that a judge most assuredly relies upon a probation officer's thorough evaluation and recommendation in a presentence report as long as the information therein has "indicia of reliability," *United States v. Shipley,* 963 F.2d 56, 59 (5th Cir.), *cert. denied,* — U.S. —, 113 S.Ct. 348, 121 L.Ed.2d 263 (1992), Salvador's probation officer's recommendation was of no value because the probation officer failed to set forth any of the reasons upon which he relied in determining that Salvador had accepted responsibility for his offenses. The sentencing judge must not sit inert but must interrogate the probation officer to develop a record containing the reasoning for the recommendation. Because the judge failed to question the probation officer, we are left with a barren record devoid of any reasoning much less information with which to conduct a meaningful review of the propriety of Salvador's two-level reduction for demonstration of acceptance of responsibility. *See United States v. McLean,* 951 F.2d 1300, 1302 (D.C.Cir.1991), *cert. denied,* — U.S. —, 112 S.Ct. 1775, 118 L.Ed.2d 433 (1992). Accordingly, we reverse and remand this cause to the trial court to state its reasoning for granting Salvador the two-level reduction for demonstration of acceptance of responsibility, if in fact there are lawful reasons for granting the two-level reduction. Because Guideline commentary is binding on the federal courts, *see Stinson v. United States,* — U.S. —, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993), on remand the court must state its reasoning for granting Salvador the two-level reduction in light of Application Note 2 to § 3E1.1.

REVERSED AND REMANDED.

FAIRCHILD, Circuit Judge, concurring.

I concur in all parts of the opinion except for the comment which follows: I could agree that if a defendant, in a timely and otherwise adequate acknowledgement of guilt, claims that his role in the offense is less significant than the evidence demonstrates, his attempt to minimize his actual role is evidence on which the sentencing judge could deny a reduction for acceptance of responsibility. A defendant should, however, be entitled to describe exactly what he did, consistent with the facts, without impairing his chance at the reduction. Absent a demonstration that the fact was different, I do not agree that "[t]he defendant's statement that he 'was simply acting as a mule' speaks more eloquently than anything in this record that Salvador failed to accept responsibility for his offenses." *Ante* at 1383.