UNITED STATES of America,
Plaintiff–Appellee,

v.

John F. SCHULER, Jr., Defendant–Appellant.

No. 94–1209.

United States Court of Appeals,
Seventh Circuit.

Argued Aug. 2, 1994.

Decided Aug. 30, 1994.

Daniel P. Bach, Asst. U.S. Atty. (argued), Larry Wszalek, Office of U.S. Atty., Madison, WI, for plaintiff-appellee.

Joseph W. Kryshak, Madison, WI (argued), for defendant-appellant.

Before COFFEY, EASTERBROOK, and ROVNER, Circuit Judges.

COFFEY, Circuit Judge.

John F. Schuler, Jr. pleaded guilty to an information charging him with three counts of armed bank robbery in violation of 18 U.S.C. § 2113(a) & (d) and one count of the use of a firearm during the commission of a crime of violence in violation of 18 U.S.C. § 924(c)(1). He was sentenced on January 21, 1994 to 168 months of imprisonment for the bank robberies, 120 months for the firearm conviction, to be served consecutively, and five years supervised release. He was also ordered to make restitution and to pay a fine. On appeal, Schuler contends that the district court erred in not reducing his base offense level by three levels for acceptance of responsibility. We affirm.

## I. BACKGROUND

The facts pertinent to the appeal concern the robbery of the Northern States Bank in Butternut, Wisconsin on September 22, 1993 and subsequent events that day. During the bank robbery, Schuler had a handgun and his partner, David Meisler, had a shotgun. After the robbery, Schuler and Meisler fled on a motorcycle, with Schuler driving. A resident of the area, Ernest Robokoff, saw Schuler and Meisler leave the bank and followed them. As they drove along a county road, Schuler and Meisler turned the motorcycle around and travelled toward Robokoff. As they passed him, Robokoff looked in his rearview mirror, saw the motorcycle brake, and Schuler and Meisler stop. Robokoff began accelerating but through his rear-view mirror saw both men get off the motorcycle. Through the open window of his truck, Robokoff heard five gunshots—three from a shotgun, then one from a handgun, then another shotgun blast. Robokoff continued to accelerate. At a distance of approximately 300

feet, Robokoff saw Schuler and Meisler each in a "firing stance" on either side of the parked motorcycle.[1] Police officers later found four shotgun shells on one side of the road and four 9mm shells on the other side of the road.

Schuler and Meisler then sought to steal a different vehicle. They knocked on the front door of the residence of Audrey Clark and asked to use the telephone because their car had broken. Mrs. Clark allowed Schuler and Meisler into her home. Schuler brandished the handgun and Meisler had the shotgun while in the house. Mrs. Clark gave them the keys to her automobile and they drove back to the woods to retrieve the money they had hidden.

Pursuant to a written plea agreement, Schuler pleaded guilty to three counts of armed bank robbery in violation of 18 U.S.C. § 2113(a) & (d), and one count of use of a firearm during the commission of a crime of violence [the September 22, 1993 robbery of the Northern States Bank] in violation of 18 U.S.C. § 924(c)(1). In the Presentence Investigation Report ("PSR"), the probation officer recommended a three-level reduction for acceptance of responsibility. The government withdrew its recommendation for the acceptance of responsibility reduction due to Schuler's denials during his interview with the probation officer that he had fired a weapon at Robokoff and that he had a weapon in his possession while at the Clark residence. Additionally, in his letter clarifying or objecting to the PSR, Schuler's counsel stated: "Regarding the shots fired at Ernest Robokoff, John Schuler states that he never got off the motorcycle and Meisler removed the 9mm handgun from John's belt and fired the shots. There are no test results indicating that John Schuler fired a weapon on that day.... John Schuler denies that he had a weapon in his possession at any time while in the Clark residence." In his Addendum to the PSR, the probation officer indicated that he was persuaded that Schuler had fired shots at Robokoff and brandished a handgun while in the Clark home. Notwithstanding

these conclusions, the probation officer persisted in his recommendation stating:

Although the defendant is denying a portion of additional relevant conduct for which he is accountable under Guideline 1B1.3, his denial is outweighed by his general sense of acceptance of responsibility for three bank robberies and a firearms violation. These are serious offenses for which he faces a substantial term of imprisonment. It is the belief of the probation office that the defendant should be granted a three-level reduction in sentencing guideline calculations for his acceptance of responsibility.

Addendum to the Presentence Report, January 19, 1994.

Schuler's sentencing was held on January 21, 1994. After hearing testimony and further argument by the parties, the district court denied Schuler the reduction for acceptance of responsibility despite the probation officer's recommendation.

The defendant is not entitled to a three-level reduction for acceptance of responsibility. A defendant who falsely denies relevant conduct that the Court determines to be true has acted in a manner inconsistent with acceptance of responsibility. The defendant fired four shots from a 9mm handgun at the witness Ernest Robokoff when leaving the scene of the crime which was committed at the Butternut Bank. He denies that he fired the shots. Although he utilized and brandished a firearm in the Clark residence he also again denies this conduct. All such conduct which was found by a preponderance of the evidence to exist is relevant conduct and is so referred in Count IV of the Information. Because the defendant has denied that relevant conduct which the Court has found to be true he has forfeited his opportunity to receive any downward departure for acceptance of responsibility. He has not accepted the responsibility for his actions.

Judgment at 6, Statement of Reasons. Schuler challenges the district court's denial of a three-level reduction for acceptance of re-

---

1. At the sentencing hearing, the district court credited Robokoff's testimony, finding that he was a "firearms expert." This finding was ap- parently based on Robokoff's testimony that he is a licensed firearms dealer.

sponsibility under § 3E1.1 based on Schuler's denial of relevant conduct. Schuler also submits that the district court failed to explain sufficiently the basis for denying Schuler a reduction for acceptance of responsibility in light of the probation officer's recommendation for the reduction.

## II. ANALYSIS

■ This court will reverse a district court's decision concerning acceptance of responsibility only for clear error because " '[t]he question of whether a defendant has accepted responsibility for his crimes is a factual one, depending largely on credibility assessments of the sentencing judge.' " *United States v. Pitz*, 2 F.3d 723, 732 (7th Cir.1993) (citations omitted), *cert. denied sub nom., DuPont v. United States*, — U.S. ——, 114 S.Ct. 2141, 128 L.Ed.2d 869 (1994). *See also United States v. Evans*, 27 F.3d 1219, 1232 (7th Cir.1994); *United States v. Tolson*, 988 F.2d 1494, 1497 (7th Cir.1993). "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review." U.S.S.G. § 3E1.1, comment. (n. 5). The district court is required to apply the version of U.S.S.G. § 3E1.1 in effect at the time of sentencing. *United States v. Rosalez–Cortez*, 19 F.3d 1210, 1218 (7th Cir.1994) (citing 18 U.S.C. § 3553(a)(4)). The defendant bears the burden of proving that he is entitled to a reduction in base offense level for acceptance of responsibility. *United States v. Osmani*, 20 F.3d 266, 269 (7th Cir.1994).

■ Under § 3E1.1(a), a district judge may reduce a defendant's base offense level "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). Prior to the November 1, 1992 amendment to the Sentencing Guidelines, a reduction was permitted only if the defendant demonstrated acceptance of responsibility for his "criminal conduct," which included both the conduct underlying the offense of conviction and uncharged conduct

related to that offense. *Ebbole v. United States*, 8 F.3d 530, 537 (7th Cir.1993), *cert. denied*, — U.S. ——, 114 S.Ct. 1229, 127 L.Ed.2d 573 (1994). The November 1, 1992 amendment to the Sentencing Guidelines substituted the term "offense" for "criminal conduct" and changed the factors to be considered in determining whether a defendant has demonstrated an acceptance of responsibility. *Id.* at 537–39. As explained in the Commentary to § 3E1.1, in deciding whether a defendant merits a reduction pursuant to the Guideline, the district judge should consider whether the defendant has:

> truthfully admitt[ed] the conduct comprising the offense(s) of conviction, and truthfully admitt[ed] or **not falsely den[ied] any additional relevant conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct).** Note that a defendant is not required to volunteer, or affirmatively admit, relevant conduct beyond the offense of conviction in order to obtain a reduction under subsection (a). A defendant may remain silent in respect to relevant conduct beyond the offense of conviction without affecting his ability to obtain a reduction under this subsection. **However, a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility.**

U.S.S.G. § 3E1.1, comment. (n. 1(a)) (Nov. 1, 1992) (emphasis added).

Under this amended version of the Guideline, a defendant need only accept responsibility for the conduct underlying his offense of conviction and is not required to affirmatively "come clean" on relevant conduct in order to obtain the reduction.[2] *See United States v. White*, 993 F.2d 147, 150–51 (7th Cir.1993).

Schuler voluntarily made oral and written statements regarding his other conduct—firing at Robokoff and brandishing a gun at the Clark residence—that the district court found to be false. This court has stated in

---

2. Although the government argued at sentencing that Schuler's denials concerned conduct underlying his offense of conviction, it does not press

that point on appeal. Therefore, the appeal involves only the false denial of relevant conduct that the district court determined to be true.

dicta that such conduct would not entitle a defendant to a reduction pursuant to the 1992 Amendments to § 3E1.1. *See United States v. Cedano–Rojas,* 999 F.2d 1175, 1182 (7th Cir.1993) ("Cedano vigorously denied accepting the nine kilos and taking part in the transactions.... He contested these issues at trial, objected to the Presentence Report with respect to these matters and outright denied them in his sentencing memoranda to the court.... Contesting the veracity of the alleged relevant conduct is no doubt permissible and often perfectly appropriate. However, if a defendant denies the conduct and the court determines it to be true, the defendant cannot then claim that he has accepted responsibility for his actions.") (footnote omitted); *United States v. Corbin,* 998 F.2d 1377, 1394 (7th Cir.1993) (exculpatory statements voluntarily made to the district court and to probation officer evinced a refusal to take responsibility for conduct), *cert. denied,* —— U.S. ——, 114 S.Ct. 1124, 127 L.Ed.2d 432 (1994); *White,* 993 F.2d at 151 (7th Cir.1993) ("White's oral statements and his written version of the offense vigorously denied the government's statement of relevant conduct. As a result, White exposed his denials of relevant conduct to the scrutiny of the district court.").

██ On appeal Schuler contends that he admitted factual guilt by pleading to the offense of conviction and that the issue is the application of the Guidelines to the facts. He cites Application Note 2 to § 3E1.1 in support. Application Note 2 attempts to identify situations where a defendant admits facts and challenges the illegality of his conduct, but may remain eligible for the acceptance of responsibility reduction. *United States v. Broussard,* 987 F.2d 215, 224 (5th Cir.1993), *overruled on other grds. by, J.E.B. v. Alabama ex rel. T.B.,* —— U.S. ——, 114 S.Ct. 1419, 128 L.Ed.2d 89 (1994), a case cited by Schuler in support of his position, illustrates the use of Application Note 2. In that case, the court determined that Broussard had accepted responsibility as to his § 924(c)(1) offense. Broussard admitted ownership of the guns found in his home and their location. He went to trial to contend that § 924(c)(1) did not apply to these uncontested facts. In contrast, Schuler did not contest

the facts underlying the § 924(c) conviction but falsely contested the additional related conduct—firing at Robokoff and brandishing the gun at the Clark residence. Thus, Application Note 2 does not apply to the facts of this case and the district court did not err in denying the reduction for acceptance of responsibility.

██ Schuler also claims that the district court failed to give proper deference to the probation officer's conclusions in the PSR and made no findings concerning the inaccuracy of the probation officer's analysis or the inappropriateness of his recommendation. The district court is not required to give such deference or perform the type of analysis Schuler requests. Rule 32(c) of the Federal Rules of Criminal Procedure outlines the duties of the probation officer in conducting a presentence investigation and submitting a report to the court. A sentencing judge relies upon a probation officer's evaluation and recommendation presented in the PSR. *See United States v. Salvador,* 18 F.3d 1380, 1384 (7th Cir.1994). However, the district court is not bound by the recommendation and is charged with the responsibility to "resolve disputed sentencing factors in accordance with Rule 32(a)(1)." U.S.S.G. § 6A1.3. *See Salvador,* 18 F.3d at 1384; *United States v. Belgard,* 894 F.2d 1092, 1099 (9th Cir.), *cert. denied,* 498 U.S. 860, 111 S.Ct. 164, 112 L.Ed.2d 129 (1990).

██ What is required is that the judge's denial of the reduction for acceptance of responsibility be "sufficiently specific 'to allow this court to conduct a meaningful review.'" *United States v. Beal,* 960 F.2d 629, 635 (7th Cir.) (quoting *United States v. Montenegro-Rojo,* 908 F.2d 425, 428 (9th Cir.1990)), *cert. denied,* —— U.S. ——, 113 S.Ct. 230, 121 L.Ed.2d 166 (1992). As the prior discussion illustrates, the district court's finding was well-reasoned, supported by the evidence, and consistent with the law of this Circuit. Nothing more was required.

### III. CONCLUSION

The district court's finding that Schuler falsely denied relevant conduct is not clearly

erroneous. Therefore, the judgment of the district court is AFFIRMED.