**21-151 (L)**
*United States v. Rakhmatov*

# In the

# United States Court of Appeals

## For the Second Circuit

————

AUGUST TERM 2021

ARGUED: FEBRUARY 24, 2022
DECIDED: NOVEMBER 17, 2022

Nos. 21-151(L), 21-167 (Con)

UNITED STATES OF AMERICA,
*Appellee,*

*v.*

AZIZJON RAKHMATOV,
*Defendant-Appellant,*

ABDURASUL HASANOVICH JURABOEV, AKA ABDULLOH IBN HASAN,
AKHROR SAIDAKHMETOV, ABROR HABIBOV, DILKHAYOT KASIMOV,
AKMAL ZAKIROV,
*Defendants.*

————

Appeal from the United States District Court
for the Eastern District of New York.

————

Before: LIVINGSTON, *Chief Judge*, KEARSE and WALKER, *Circuit Judges.*

————

In these appeals, Azizjon Rakhmatov challenges the sentence imposed following his guilty plea for conspiring to support a terrorist

group (No. 21-151) and the denial of his Federal Rule of Criminal Procedure 35(a) motion to correct the sentence (No. 21-167). In this opinion, we address whether the Rule 35(a) motion is barred by the appeal waiver in his plea agreement. Rakhmatov argues that the district court erred in denying his motion to correct its alleged sentencing errors. We disagree, and **DISMISS** the appeal in No. 21-167. We address Rakhmatov's remaining arguments in a summary order filed concurrently with this opinion.

————

> LAWRENCE MARK STERN, Esq., New York, New York, *for Defendant-Appellant Azizjon Rakhmatov.*

> DAVID K. KESSLER, Assistant United States Attorney (Susan Corkery, Douglas M. Pravda, J. Matthew Haggans, Assistant United States Attorneys, *on the brief*), *for* Jacquelyn M. Kasulis, Acting United States Attorney for the Eastern District of New York, Brooklyn, New York, *for Appellee United States of America.*

————

JOHN M. WALKER, JR., *Circuit Judge*:

In these appeals, Azizjon Rakhmatov challenges the sentence imposed following his guilty plea for conspiring to support a terrorist group (No. 21-151) and the denial of his Federal Rule of Criminal Procedure 35(a) motion to correct the sentence (No. 21-167). In this opinion, we address whether the Rule 35(a) motion is barred by the appeal waiver in his plea agreement. Rakhmatov argues that the district court erred in denying his motion to correct its alleged sentencing errors. We disagree, and **DISMISS** the appeal in No. 21-167. We address Rakhmatov's remaining arguments in a summary order filed concurrently with this opinion.

**BACKGROUND**

In 2019, Appellant Rakhmatov pleaded guilty in the Eastern District of New York (Kuntz, *J.*) to conspiring to provide material support to the terrorist group ISIS in violation of 18 U.S.C. § 2339B. He pleaded pursuant to a plea agreement in which he agreed not to "file an appeal or otherwise challenge" his sentence so long as he was sentenced to 150 months or less of imprisonment.[1]  We will refer to this provision in the plea agreement as the "appeal waiver."

In January 2021, the district court sentenced Rakhmatov to 150 months' imprisonment and lifetime supervised release, accompanied by several special conditions.  Three days later, Rakhmatov filed a letter objecting to his term of imprisonment.  He urged the district court to "correct the sentence" or resentence him within 14 days, citing Federal Rule of Criminal Procedure 35(a).[2]  The district court "denied" the motion.  Rakhmatov then appealed his sentence (No. 21-151) and the denial of his Rule 35(a) motion (No. 21-167).

On appeal, a motions panel of this court granted in part the government's motion to dismiss, holding that Rakhmatov's appeal of his term of imprisonment was barred by his plea agreement.  The panel permitted the challenge to proceed, however, as to his supervised release, the special conditions, and the district court's denial of his Rule 35(a) motion, on the basis that they were not covered by the appeal waiver.

---

[1] App. 151.

[2] *Id.* at 444.  Rule 35(a) states that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."

**DISCUSSION**

At issue in this opinion is the letter Rakhmatov filed three days after his sentencing. This letter was not styled as a motion but rather "stat[ed] Mr. Rakhmatov's objections to the sentence imposed."[3] It argued that the district court had failed to properly apply the 18 U.S.C. § 3553(a) sentencing factors and improperly issued a "blanket rejection" of his objections to the presentence report.[4] The letter concluded by urging the district court to correct Rakhamtov's sentence or resentence him, citing Rule 35(a).

The district court construed the letter as a motion brought under Rule 35(a). It "denied" the motion on two grounds: (1) the letter's objections could not be raised under Rule 35(a), and (2) Rakhmatov's appeal waiver, which stated that he would not "file an appeal or *otherwise challenge*" his sentence,[5] barred him from bringing a Rule 35(a) motion.[6] On appeal, Rakhmatov argues that the letter was a Rule 35(a) motion that was improperly denied.[7] The government responds that his appeal waiver barred him from making a Rule 35(a) motion and that the letter's objections were not

---

[3] App. at 443.

[4] *Id.*

[5] *Id.* at 151 (emphasis added).

[6] Special App. 13. The district court characterizes its disposition as a denial, but it is more properly a dismissal. *See, e.g.*, *United States v. Borden*, 16 F.4th 351, 356 (2d Cir. 2021) (*dismissing* a challenge to a sentence that is barred by an appeal waiver).

[7] In his opening brief, Rakhmatov suggests, in the alternative, that his post-sentencing letter was not a Rule 35(a) motion but an objection at sentencing. We need not address this argument because, as the motions panel held, any challenge to the term of imprisonment itself is barred by his appeal waiver.

redressable through Rule 35(a).  Consistent with the district court and the litigants on appeal, we treat Rakhmatov's post-sentencing letter as a Rule 35(a) motion.  Therefore, we must decide whether the appeal waiver prohibits his Rule 35(a) motion.

Rule 35(a) allows the district court to correct a sentence that contains an "arithmetical, technical, or other clear error."[8]  We have repeatedly stated, quoting the rule's advisory committee notes, that it "is intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence."[9]  It is not "meant to allow the district court to reopen issues previously resolved at the sentencing hearing through the exercise of the court's discretion with regard to the application of the sentencing guidelines, or to reconsider the application or interpretation of the sentencing guidelines."[10]  District courts have invoked Rule 35(a) to, for example, correct a restitution award that was initially calculated incorrectly.[11]  On the other hand, disputes about the application of the sentencing guidelines fall "outside the very narrow scope of the rule."[12]

In this case, Rakhmatov's motion did not identify any arithmetical, technical, or similar errors with the sentence.  Instead, he alleged that the district court failed to properly apply the sentencing factors and failed to adequately consider his objections,

---

[8] Fed. R. Crim. P. 35(a).

[9] *United States v. Donoso*, 521 F.3d 144, 146 (2d Cir. 2008) (per curiam) (quoting *United States v. Abreu-Cabrera*, 64 F.3d 67, 72 (2d Cir. 1995), itself quoting Fed. R. Crim. P. 35, 1991 advisory committee's note) (abrogated on different grounds).

[10] *United States v. DeMartino*, 112 F.3d 75, 79 (2d Cir. 1997) (quotation marks omitted).

[11] *See United States v. Spallone*, 399 F.3d 415, 419 (2d Cir. 2005).

[12] *Califano v. United States*, 2000 WL 730398, at *2 (2d Cir. 2000).

resulting in a prison term that was "unreasonable, cruel and unusual, . . . and greater than necessary to accomplish [its] purpose."[13] The motion's arguments thus plainly fall outside of Rule 35(a)'s "very narrow" scope.[14] Instead of filing a genuine Rule 35(a) motion, Rakhmatov simply stated his objections to the district court's sentence.

We have not yet decided, and need not decide today, whether an appeal waiver can bar a motion to correct a "technical, arithmetical, or other clear error," as specified in Rule 35(a).[15] Simply citing Rule 35(a), however, cannot allow a defendant to obtain substantive review that would otherwise be barred by an appeal waiver. If Rule 35(a) were to permit such end-runs, it would functionally deprive the government of the benefit of the waiver. As a result, appeal waivers "would cease to have value as a bargaining chip in the hands of defendants."[16] Accordingly, we hold that when a challenge to a prison sentence purportedly under Rule 35(a) does not fall within the narrow scope of Rule 35(a), an appeal waiver can bar consideration of the motion.

The terms of this appeal waiver plainly bar consideration of the motion. As part of his plea agreement, Rakhmatov agreed not to "file an appeal or *otherwise challenge*, by petition pursuant to 28 U.S.C. § 2255 or *any other provision*, the conviction or sentence" provided he

---

[13] App. 444.

[14] *Donoso*, 521 F.3d at 146; *see also United States v. Escobar*, 542 F. App'x 38, 41 (2d Cir. 2013) (suggesting that arguments related to a sentence's procedural and substantive reasonability are not appropriately raised in a Rule 35(a) motion).

[15] Fed. R. Crim. P. 35(a).

[16] *United States v. Arevalo*, 628 F.3d 93, 98 (2d Cir. 2010) (quotation marks omitted).

was sentenced to 150 months' imprisonment or less.[17]   The district court sentenced him to 150 months in prison.  Although he disagrees with this sentence, he cannot use Rule 35(a) to overcome his waiver. His appeal from the decision on the motion must be dismissed.[18]

Rakhmatov tries to avoid this outcome by insisting that his motion falls within the parameters of Rule 35(a).  This argument is without merit.  First, he cites precedent suggesting that the rule is "broadly available" to correct unjust or unlawful sentences.[19]  All of the cases he cites, however, are either out of circuit or analyze previous versions of Rule 35 that allowed courts to correct any "illegal" sentence.[20]  As discussed, our precedent and the advisory committee's comments make clear that the current Rule 35(a) is far narrower in scope.

Next, Rakhmatov points to *United States v. Waters*, which held that Rule 35(a) permitted a district court to correct a sentence when it had failed to consider a Sentencing Guidelines policy statement in setting its original sentence.[21]  Rakhmatov equates this to the district

---

[17] App. 151 (emphasis added).

[18] A motions panel previously declined to dismiss Rakhmatov's appeal as to this issue.  In permitting the appeal to proceed, however, the panel did not discuss whether Rakhmatov had brought a valid Rule 35(a) motion.  In any case, our authority to reconsider issues decided by a motions panel is well established.  *See, e.g.*, *United States v. Brown*, 623 F.3d 104, 111–12 (2d Cir. 2010); *Rezzonico v. H & R Block, Inc.*, 182 F.3d 144, 149 (2d Cir. 1999).

[19] *United States v. Thompson*, 261 F.2d 809, 810 (2d Cir. 1958); *see also United States v. Braun*, 382 F. Supp. 214 (S.D.N.Y. 1974); *United States v. Himsel*, 951 F.2d 144 (7th Cir. 1991); *Benson v. United Sta*tes, 332 F.2d 288 (5th Cir. 1964); *United States v. Patrick Petroleum Corp. of Michigan*, 703 F.2d 94 (5th Cir. 1982).

[20] *See Himsel*, 951 F.2d at 146 (quoting the previous rule).

[21] 84 F.3d 86, 90 (2d Cir. 1996) (per curiam).

court's alleged failure to properly apply the sentencing factors in his case. In *Waters*, however, we emphasized that the "district court [had] neglected to consider the policy statement *at all*," contrary to the law's requirements, because it was unaware "of the policy statement's existence."[22] Indeed, the district court stated on the record that it had not taken the statement into account when imposing the original sentence.[23] In this case, the district court explicitly invoked and applied the § 3553(a) sentencing factors when arriving at Rakhmatov's sentence. Rakhmatov asserts that the district court did not "actually" apply the factors,[24] but this amounts to an objection to its analysis, not an unmistakable error as in *Waters*. Rakhmatov's arguments are plainly beyond the scope of Rule 35(a) and thus are barred by his appeal waiver.

## CONCLUSION

For the foregoing reasons, we **DISMISS** Rakhmatov's appeal from the denial of his Rule 35(a) motion (No. 21-167). We address his appeal in No. 21-151 in the concurrently filed summary order.

---

[22] *Id.* at 90–91.

[23] *Id.* at 91.

[24] Appellant's Brief at 53.