**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jeffrey NEELY, Defendant–Appellant.**

No. 03–2904.

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 16, 2003.

Decided Dec. 29, 2003.

Donna R. Eide, Office of the United States Attorney, Indianapolis, IN, for Plaintiff–Appellee.

Jack F. Crawford, Crawford & Rader, Indianapolis, IN, for Defendant–Appellant.

Before BAUER, POSNER, and EVANS, Circuit Judges.

## ORDER

Pursuant to a plea agreement, Jeffrey Neely pleaded guilty to several counts of mail fraud and money laundering. The district court sentenced him to 170 months of imprisonment, declining to apply a two-point downward adjustment for acceptance of responsibility because Neely had made false statements to his probation officer. Neely appeals this decision, and also questions whether the district court's reasons for denying the adjustment were sufficiently specific to enable appellate review. We affirm.

Neely and six co-defendants were charged with 58 counts of mail fraud, money laundering, and conspiracy to commit mail fraud and money laundering pursuant to 18 U.S.C. §§ 371, 1341, 1956(a)(1)(B)(i) and 1956(h). A week before trial, Neely signed a plea agreement with the government. Among other things, the government agreed to recommend a two-level downward adjustment for acceptance of responsibility, "[p]rovided the defendant continues to demonstrate acceptance of responsibility throughout the time of sentencing." The district court determined Neely's plea to be knowing and voluntary and accepted it.

The probation officer who prepared Neely's presentence report believed that Neely had provided him with "misleading and false information." During an interview for the report, for instance, Neely overstated his income for the year 2002. Neely told the probation officer that he had legitimately earned $45,000 through an entertainment booking company he owned. When the probation officer investigated this claim, however, one of Neely's business associates "stated she was 100% sure that [Neely] lost money at every show." The officer checked back with Neely, who said that the $45,000 came from ten successful shows he had promoted at a local club. The owner of that club, however, stated that Neely had promoted only two shows there, and that neither had made any money. The probation officer concluded that Neely did not have any legitimate income and that he made his monthly luxury car and real estate payments by "living off the fruits of his crime."

The probation officer also identified other areas where he believed Neely had failed to accept responsibility for his actions and cooperate with the government. For instance, Neely did not report that he

had worked at Kenra Products, a workplace at which he had been fired—the probation officer discovered—for misusing the company's credit card. Neely also failed to disclose how he had disposed of the nineteen firearms he had owned before he was arrested. Finally, the probation officer noted that Neely appeared to challenge his guilt when he filed a separate "wrongful arrest" lawsuit against the agents who had investigated his case. In that suit, Neely represented that his arrest was racially motivated and that he had only "signed a guilty plea under an extreme condition imposed by the prosecution." The probation officer did not believe that filing such a suit was consistent with accepting responsibility.

Based on Neely's post-plea behavior, the probation officer recommended that Neely receive a two-level upward adjustment for obstruction of justice under U.S.S.G. § 3C1.1 and be denied a two-level downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1. Neely objected, arguing that he had not intentionally misstated anything material to his sentencing. The district court agreed that Neely's misrepresentations were not material, and declined to apply the upward adjustment for obstruction of justice. However, the court also denied Neely the downward adjustment for acceptance of responsibility because of his lack of "willingness to cooperate truthfully with the probation officer during the investigation and to not cause the probation officer excess work in trying to truthfully present to the Court [his] situation." The court believed that Neely "said too many things that weren't true to the probation officer that contradict[ed] [his] statement ... of acceptance of responsibility." Neely was sentenced to 170 months of imprisonment, towards the middle of the guideline range of 151 to 188 months.

On appeal, Neely argues that the district court erred in denying him a downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1. He claims that, even assuming the statements he made to the probation officer were false, nothing he said was "critical or material" to any issue before the sentencing court. He argues that he merely "exaggerated or overstated" his income, a move that was motivated more by ego than by malice, since overstating his income might lead to greater fines or restitution. Neely claims that all of his alleged falsehoods taken together were "inconsequential."

We review a district court's acceptance of responsibility determination for clear error, *United States v. Gonzalez*, 319 F.3d 291, 299 (7th Cir.2003), deferring to the district court's analysis of a defendant's credibility and demeanor, *United States v. Frykholm*, 267 F.3d 604, 611–12 (7th Cir. 2001). Simply owning up to the elements of the offense is not sufficient to earn a downward adjustment under § 3E1.1; a defendant must "honestly acknowledge the wrongfulness of [his] conduct and not minimize it." *United States v. Miller*, 343 F.3d 888, 891 (7th Cir.2003). Where a defendant makes false statements during the presentence investigation, a court may determine that his statements of acceptance of responsibility are not sincere. *United States v. DeFilippis*, 950 F.2d 444, 447 (7th Cir.1991).

■ Because the district court could infer from Neely's post-plea actions that he did not honestly acknowledge the wrongfulness of his conduct, it did not clearly err in denying Neely an acceptance-of-responsibility adjustment. Neely's misrepresentations did not concern an element of his offense, but even non-material misrepresentations may justify a court's denial of the acceptance of responsibility adjustment if they reflect the defendant's contin-

ued efforts to rationalize his conduct. *Id.* at 447. We have also upheld denials of the acceptance-of-responsibility adjustment based on a defendant's failure to fully account for the proceeds of a criminal act, *United States v. Dillard,* 43 F.3d 299, 306 (7th Cir.1994), or report post-indictment income, *United States v. Larsen,* 909 F.2d 1047, 1048–49 (7th Cir.1990). Here, Neely's misstatements of his income both obscured the whereabouts of the crime proceeds and disturbed the calculations of his ability to pay fines and restitution. Further, Neely's suit for "wrongful arrest" suggests that he did not genuinely believe that he had done anything wrong. Because Neely attempted to minimize and rationalize his conduct, the district court did not clearly err in determining that he was not entitled to the adjustment.

Alternatively, Neely argues that the district court erred by failing to provide specific reasons for denying the acceptance-of-responsibility adjustment. In determining whether to grant an adjustment under U.S.S.G. § 3E1.1, a district court must state reasons that are "sufficiently specific to allow this court to conduct a meaningful review." *United States v. Schuler,* 34 F.3d 457, 461 (7th Cir.1994). Here the district court identified two specific reasons for denying Neely the adjustment: his misrepresentations demonstrated a lack of "willingness to cooperate truthfully with the probation officer" and also "contradict[ed] [his] statement ... of acceptance of responsibility." The factual basis for the court's decision was also clear, because both parties discussed several of Neely's specific misrepresentations during the hearing. The court was not required to give an exhaustive explanation, so long as the basis for its decision was clear. *See United States v. Blas,* 947 F.2d 1320, 1330 (7th Cir.1991). We believe the

district court's reasoning was sufficiently specific.

Accordingly, the decision of the district court is AFFIRMED.