**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued May 12, 2005
Decided August 10, 2005

**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

Nos. 04-3358 & 04-3359

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>   *Plaintiff-Appellee,*<br><br>  v.<br><br>GERARD HAWKINS and<br>MONIQUE HAWKINS,<br>   *Defendants-Appellants.* | Appeals from the United States District<br>Court for the Southern District<br>of Indiana, Indianapolis Division.<br><br>No. 03 CR 114<br><br>Larry J. McKinney,<br>*Chief Judge.* |

**O R D E R**

Gerard and Monique Hawkins appeal the sentences they received after being convicted for their involvement in an extensive mortgage fraud scheme operating in the Indianapolis area. The essence of the scheme, which we have addressed before,[1] involved the use of inflated home appraisals to obtain artificially oversized loans from lending institutions. After receiving a false home appraisal from a willing appraiser, the parties used duplicate sets of settlement statements, one reflecting the true sale price and another showing the inflated price, which was sent to the lender. The

---

[1] Defendants involved in this same fraudulent scheme have come before this court in *United States v. Bryson,* No. 03-2280; *United States v. Girton,* No. 03-2905; and *United States v. Neely,* No. 03-2904.

difference between the true sale price and the inflated loan amount was then divvied up among the members of the conspiracy.

Monique Hawkins's role in the scheme was made possible by her job as a loan originator for a mortgage brokerage called Investor's Mortgage Group. In that position she originated fraudulent loans to her husband, Gerard Hawkins, and others; she was also instrumental in obtaining some of the inflated home appraisals. Both defendants also defrauded an acquaintance of theirs into buying several low-priced homes at drastically inflated prices. Following a week-long jury trial, both Hawkinses were convicted on charges of conspiracy and mail fraud. Gerard Hawkins was also convicted of money laundering for his efforts to conceal the proceeds of their activities.

The sole issue in this appeal is the propriety of the sentences under *United States v. Booker,* 125 S. Ct. 738 (2005).[2] The presentence report ("PSR") for Monique Hawkins calculated an offense level of 22 and a criminal history category of I, resulting in a Guidelines range of 41-51 months' imprisonment. The offense level was comprised of a base offense level of 6, an addition of 2 levels for abuse of a position of trust, and an increase of 14 levels for a loss amount of some $506,000. *See* U.S.S.G. §§ 3B1.3, 2B1.1(H). Gerard Hawkins did not fare as well in his Guidelines sentence calculation; he received the same base offense level of 6, but added to that were 16 levels for a loss amount above $1,000,000, as well as 2 levels for his conviction for money laundering under 18 U.S.C. § 1956. *See* U.S.S.G. § 2S1.1(b)(2)(B). The resulting Guidelines range for Gerard was 51-63 months.[3]

But the district court did not follow the Sentencing Guidelines. The Hawkinses' sentencing hearings occurred in the wake of this court's decision in *United States v. Booker,* 375 F.3d 508 (7th Cir. 2004), which held that, after *Blakely v. Washington,* 542 U.S. 296 (2004), judicial fact-finding under the Sentencing Guidelines violated the Sixth Amendment. Because the hearing occurred before the Supreme Court's decision in *Booker,* however, the district court crafted a novel approach designed to deal with the interim uncertainty. First, the judge decided to use the base offense level of 6, which was not dependent on judge-found facts, as a multiplier. For Monique the judge multiplied that base level by 4, the number of counts on which Monique was convicted. The resulting offense level of 24 produced a range of 51-63 months; the judge sentenced Monique to a term of 51 months' imprisonment, which by happenstance also fell within the original 41-51 months Guideline range calculated in the PSR, although at the top of that range. The judge stated that he viewed this sentence as "appropriate if the

---

[2] Monique Hawkins also raised a claim of ineffective assistance of counsel, but at oral argument she was permitted to withdraw that claim in order to pursue it in collateral proceedings.

[3] The PSR had given Gerard a criminal history category of II, but that was subsequently reduced upon his objection.

Guidelines apply 100 percent" and "appropriate without the Guidelines."

For Gerard, however, the same mathematical approach would have yielded a draconian result because he stood convicted of 23 counts. So instead of multiplying the number of counts by the base offense level of 6, the judge halved the base offense level and used a multiplier of 3. He then multiplied 3 by the number of money laundering counts only (12) for a resulting offense level of 36. The judge then reduced that level to 29 in an effort to achieve proportionality with the sentences of the other defendants convicted in the mortgage scheme. The resulting range was 87-108 months, and the judge sentenced Gerard to 87 months' imprisonment. This was the low end of the creatively calculated range, but unlike Monique's sentence, the result was higher than the range a standard Guidelines application would have produced.

Given the uncertainty following the Supreme Court's *Blakely* decision and our decision in *Booker*, the sort of ad hoc approach undertaken by the district court in this case is understandable. However, following the Supreme Court's decision in *Booker* and subsequent developments in circuit case law since *Booker*, it is clear that the defendants must be resentenced.

While the Supreme Court's remedial opinion in *Booker* transformed the Guidelines from a mandatory regime into an advisory one, the Court made it clear that the sentencing court "must consult those Guidelines and take them into account when sentencing." *Booker,* 125 S. Ct. at 767. We have held that "obedience to the Supreme Court's mandate in *Booker* requires that the district court first calculate the correct guideline sentence so that that calculation can serve as a meaningful guide in the district court's imposition of a final sentence." *United States v. Baretz,* 411 F.3d 867 (7th Cir. 2005); *see also United States v. Dean,* No. 04-3172, 2005 WL 1592960, *4 (7th Cir. July 7, 2005). A decision to deviate from a properly calculated but advisory Guidelines range must be accompanied by an explanation of the factors in 18 U.S.C. § 3553(a) that the district court believes support the sentence imposed. *Dean*, 2005 WL 1592960, at *4 ("Judges need not rehearse on the record all of the considerations that 18 U.S.C. 3553(a) lists; it is enough to calculate the range accurately and explain why (if the sentence lies outside it) this defendant deserves more or less.").

That did not occur here. Moreover, the error cannot be considered harmless, as the government argues. We have recently held that a district court's failure to properly calculate a Guidelines sentencing range and consult that range as a starting point before explaining any deviation is not harmless error. *United States v. LaShay,* No. 04-3378, 2005 WL 1812937, *4 (7th Cir. Aug. 3, 2005). In this case, the district court's arithmetic approach just happened to produce a sentence at the top of the PSR's Guidelines range for Monique but cannot be characterized as a sentence meaningfully guided by a properly calculated, though advisory, Guidelines range. The court's approach produced a sentence for Gerard that exceeded the PSR's Guidelines range and was not accompanied by the explanation contemplated by *Dean*. Accordingly, the

defendants' sentences are VACATED and the case is REMANDED for resentencing as to both defendants.

One final matter: Gerard Hawkins' counsel, Jesse Coleman, did not appear for oral argument. On May 20, 2005, we issued an order to show cause seeking an explanation for counsel's nonappearance. Coleman has not responded. Accordingly, Coleman is hereby prohibited from practicing before this court until he provides an explanation for his nonappearance at oral argument in this case. We reserve the issue of whether further sanctions are appropriate.