**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Jose G. CANTU and Shirley A. Fontenot,**
**Defendants-Appellants.**

**No. 85–2185.**

United States Court of Appeals,
Fifth Circuit.

April 9, 1986.

Edward D. Urquhart, Charles J. Escher, Silvia T. Hassell, Houston, Tex., for defendants-appellants.

Henry K. Oncken, U.S. Atty., James R. Gough, Asst. U.S. Atty., Houston, Tex., Vincent L. Gambale, Washington, D.C., for plaintiff-appellee.

Before POLITZ, GARWOOD and JOLLY, Circuit Judges.

## ON PETITION FOR REHEARING

(Opinion October 24, 1985, 5th
Cir.1985, 774 F.2d 1305)

PER CURIAM:

Of the several issues raised in this petition for rehearing[1] we find that the only issue we need consider is whether the appellants, Jose G. Cantu and Shirley A. Fontenot, were denied effective assistance of counsel because they were represented by the same counsel.[2] After requesting briefing by the parties and fully considering this issue, we conclude that this contention is without merit. Our conclusion is based on the following:

(1) There was no conflict of interests between Cantu and Fontenot because their joint defense rested on the theory that *neither* party filed fraudulent tax returns.

(2) Shortly after an indictment was issued against the petitioners, the court questioned the petitioners concerning their joint representation and was satisfied that the petitioners did not perceive a conflict. In fact, both Cantu and Fontenot signed a form entitled "Joint Representation by Counsel—Waiver of Conflict of Interest."

(3) The petitioners' counsel did not err in failing to move for severance because the petitioners' defense theories were the same; that is, that neither party filed fraudulent tax returns. Separate trials on the same theory would have wasted judicial resources.

(4) Both petitioners had to be aware of the possibility of pursuing a different theory in separate trials because Steven Austin, a codefendant, successfully moved for severance to pursue a differ-

---

**1.** The petitioners contend that it was plain error for the district court to allow evidence of their codefendant Steven Austin's conviction to be introduced into evidence. We reject this argument because (1) defense counsel mentioned this evidence during the trial and four times during closing arguments, (2) neither party objected to the introduction of this information, and (3) the district court properly cautioned the jury that Austin's conviction was not to be relied upon in determining the petitioners' guilt or innocence. The petitioners also contend that the sentencing hearing was reduced to a "meaningless formality" because the district court did not order the preparation of a presentencing report under Federal Rule of Criminal Procedure 32(c)(1). We reject this argument because under Fed.R.Crim.P. 32(c)(1), a district court may dispense with a presentence report if it

finds that such a report is unnecessary. In the instant case, the district court so held when it found that it had all the necessary information "at hand." In addition, the district court granted the petitioners the opportunity to address the court regarding sentencing. We find no error in the sentencing hearing.

**2.** The petitioners claim that they were denied effective assistance of counsel because (1) their joint representation presented their counsel with a conflict of interest; (2) their counsel failed to move for relief from prejudicial joinder, and (3) an insufficient number of issues was raised on appeal. Since these arguments are obviously related, we combine them in considering the merits of the petitioners' claim to ineffective assistance of counsel.

ent defense theory. Yet each petitioner signed the waiver referred to above.

(5) Appellate counsel was not ineffective. The appellate contention that evidence from the search was improperly introduced related to the evidence against both Cantu and Fontenot. Counsel was under no obligation to raise other meritless issues on appeal.

Finally, to accept the petitioners' arguments relating to the effectiveness of counsel would allow unsuccessful defendants the right to change their defense theory after conviction. We certainly find no reason in this case to allow this result.

The petition for rehearing is DENIED.