United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 22, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———

No. 04-10771
Summary Calendar

———

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MALCOM J. WATKINS,

Defendant-Appellant,

———

Consolidated With
No. 04-10798

———

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MICHAEL A. WATKINS,

Defendant-Appellant.

———

Appeals from the United States District Court
for the Northern District of Texas

———

Before JOLLY, DAVIS, and OWEN.

PER CURIAM:

Malcom J. Watkins and Michael A. Watkins appeal from their conditional guilty-plea convictions and sentences for possession with intent to distribute cocaine and methamphetamine. They argue that the district court erred by denying their motions to suppress the evidence obtained from their encounter with police officers at the Dallas Amtrak station. Viewing the evidence in the light most favorable to the Government, the district court properly denied their motions to suppress on the ground that the encounter did not amount to a seizure for Fourth Amendment purposes. See United States v. Drayton, 536 U.S. 194, 200-01 (2002); United States v. Chavez, 281 F.3d 479, 483 (5th Cir. 2002).

The defendants also contend that the imposition of a firearm adjustment in both of their sentences violated their Sixth Amendment rights because the adjustments were based upon facts that were not admitted by them or proved to a jury beyond a reasonable doubt. Although the defendants waived their right to appeal their convictions or sentences, those waivers will not be enforced in this appeal because the Government has failed to invoke those waivers. See United States v. Story, 439 F.3d 226, 229-31 (5th Cir. 2006).

The defendants were sentenced before the mandatory provisions of the Sentencing Guidelines were modified and rendered advisory by the United States Supreme Court in United States v. Booker, 543 U.S. 220 (2005). Application of the firearm adjustments to the defendants' sentences violated their Sixth Amendment rights. Id. at 245. The defendants first raised their Sixth Amendment claim in a timely FED. R. CRIM. P. 35(a) motion, after the

district court had orally pronounced the defendants' sentences.  We conclude that they preserved the error.  See United States v. Burling, 420 F.3d 745, 748-49 (8th Cir. 2005).

Because the defendants preserved the Booker error, "[t]he Government bears the burden of showing that the error was harmless beyond a reasonable doubt."  United States v. Pineiro, 410 F.3d 282, 285 (5th Cir. 2005).  The Government has failed to meet that burden in this case.  Accordingly, the defendants' sentences are vacated and the cases are remanded for resentencing.

CONVICTIONS AFFIRMED; SENTENCES VACATED; REMANDED FOR RESENTENCING.