# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 8, 2011

No. 10-30571

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARMARCION D. HENDERSON,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Louisiana

Before SMITH, SOUTHWICK, and GRAVES, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Armarcion Henderson argues that the district court erred by giving him a longer sentence to promote his rehabilitation. Under *Tapia v. United States*, No. 10-5400, 2011 WL 2369395 (U.S. June 16, 2011), Henderson is correct that the district court erred. Henderson did not preserve the error, however, and we affirm, because he cannot show that the district court plainly erred.

No. 10-30571

I.

Henderson pleaded guilty of being a felon in possession of a firearm under 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Although the sentencing guideline range was 33 to 41 months, Henderson was sentenced to 60 months of imprisonment. The district court stated that the upward departure was necessary to ensure that Henderson had an opportunity to enroll in the federal Bureau of Prisons drug treatment program:

> I want the record to reflect that this sentence is a [18 U.S.C. §] 3553(a) sentence, particularly under subparagraph (2)(D),[1] because this defendant needs training, he needs counselling [sic], and he needs substance abuse treatment within the confines of that system.
>
> . . . . I've got to give him that length of time to do the programming and the treatment and the counselling [sic] that this defendant needs right now. And that is the reason for that sentence under 3553(a)(2)(D).

Henderson did not object to the sentence. When asked if there was "any reason why that sentence as stated should not be imposed," his attorney responded, "[p]rocedurally, no, Your Honor."

Eight days after the sentencing hearing, Henderson filed a motion under Federal Rule of Criminal Procedure 35(a) to correct the sentence, arguing that the court violated the admonition of 18 U.S.C. § 3582(a) that

> [t]he court, in determining whether to impose a term of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.

---

[1] Title 18 U.S.C. § 3553(a)(2)(D) provides that "[t]he court, in determining the particular sentence to be imposed, shall consider . . . the need for the sentence imposed . . . to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."

No. 10-30571

The district court denied the motion, and Henderson appeals.

## II.

The first issue is whether Henderson's rule 35(a) motion preserved his claim of error.   We have previously held that a rule 35(a) motion preserved a claim of error under *United States v. Booker*, 543 U.S. 220 (2005). *United States v. Watkins*, 450 F.3d 184, 185 (5th Cir. 2006) (per curiam). *Watkins* does not control here, however, because the *Booker* error in that case was clear.[2] It was thus correctable under rule 35(a), which allows the court to correct only sentences "that resulted from arithmetical, technical, or other clear error." Because the purpose of waiver doctrine is to "give[] the district court the opportunity to consider and resolve [errors],"[3] however, a rule 35(a) motion can preserve error only if it gave the district court an opportunity to correct it.  Consequently, a rule 35(a) motion cannot preserve an error unless the error is arithmetical, technical, or otherwise clear.

A sentencing error is clear under rule 35(a) only if it is not the result of "the exercise of the court's discretion with regard to the application of the sentencing guidelines." *United State v. Ross*, 557 F.3d 237, 241 (5th Cir. 2009). That rule flows from the comments of the advisory committee that Rule 35(a) is "'very narrow and . . . extend[s] only to those cases in which an obvious error or mistake has occurred in the sentence, that is, errors which would almost certainly result in a remand of the case to the trial court for further action.'" *Id.* at 239 (quoting FED. R. CRIM. P. 35 advisory committee's note).

---

[2] The Supreme Court had decided *Booker* immediately before Watkins's Rule 35(a) motion, so it was clear at the time of the motion that the district court should not have considered judge-found facts when operating under a mandatory guidelines regime. *Watkins*, 450 F.3d at 185.

[3] *Puckett v. United States*, 129 S. Ct. 1423, 1428 (2009).

No. 10-30571

Before *Tapia*, there was a circuit split on whether a district court can consider a defendant's rehabilitative needs to lengthen a sentence. *Tapia*, 2011 WL 2369395, at *3 n.1. Moreover, we have not pronounced on the question.[4] In that situation, when there is no binding precedent on a question on which there is a circuit split, an alleged error is not "clear." If we had confronted the question, we might have gone either way, so the error would not "almost certainly result in a remand of the case." The error was not correctable under rule 35(a), and Henderson's motion failed to preserve the error. We must therefore review for plain error.

*Tapia* established that it is error for a court to "impose or lengthen a prison sentence to enable an offender to complete a treatment program or otherwise to promote rehabilitation." *Tapia*, 2011 WL 2369395, at *9. Henderson cannot show that the error in his case was plain, however, because an error is plain only if it "was clear under current law *at the time of trial.*" *United States v. Jackson*, 549 F.3d 963, 977 (5th Cir. 2008) (emphasis added). At the time of trial, the Supreme Court had not yet decided *Tapia* and, as we have just explained, we had not yet addressed the question. Where we have not previously addressed a question, any error cannot be plain.[5]

The judgment of sentence is AFFIRMED.

---

[4] In *United States v. Giddings*, 37 F.3d 1091 (5th Cir. 1994), we held only that a court could consider a defendant's rehabilitative needs when sentencing him to imprisonment upon revocation of supervised release. Our decision in *United States v. Lara-Velasquez*, 919 F.2d 946, 953-57 (5th Cir. 1990), held only that the court can consider rehabilitative potential as a mitigating factor within an appropriate range of punishment, but not necessarily as a reason for a sentencing enhancement.

[5] *See United States v. Vega*, 332 F.3d 849, 852 n.3 (5th Cir. 2003) ("We conclude that any error by the district court in this regard was not plain or obvious, as we have not previously addressed this issue." (citing *United States v. Calverley*, 37 F.3d 160, 162-63 (5th Cir. 1994)(en banc))).