**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 17, 2011

Lyle W. Cayce
Clerk

No. 11-30115
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

HOWARD HARRIS,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:09-CR-120-1

Before BARKSDALE, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Howard Harris challenges his conviction and 95-month prison sentence for assaulting, resisting, and impeding federal officers, in violation of 18 U.S.C. § 111. He contends the district court erred by: making a prejudicial remark that deprived him of a fair trial; sentencing him as a career offender; and, imposing a consecutive sentence without articulating reasons. Harris does not contest the substantive reasonableness of that sentence. As Harris did not raise these contentions before the district court, review is only for plain error. *E.g.*, *United*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*States v. Gracia*, 522 F.3d 597, 599-600 (5th Cir. 2008). To show reversible plain error, Harris must show a forfeited error that is clear or obvious and that affects his substantial rights. *E.g.*, *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If he does so, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* With respect to plain error at sentencing, the appellant bears the burden of showing a reasonable probability that, but for the district court's error, he would have received a lower sentence. *United States v. Davis*, 602 F.3d 643, 647 (5th Cir. 2010).

Regarding Harris' conviction, in overruling a Government objection during cross-examination of Harris (that he "be instructed to answer my question"), the court stated: "The witness is answering your question. He's not helping himself so I would leave it along [sic] if I were you". Given the context of the comments, their isolated nature, and the court's instruction to the jury to disregard all of the court's comments, Harris has not shown the claimed error was clear or obvious; and, even assuming it is, he has not shown it affected his substantial rights. *See United States v. Bermea*, 30 F.3d 1539, 1569, 1571-72 (5th Cir. 1994) (judge's intervention must be "quantitatively and qualitatively substantial"; curative jury instruction "can operate against a finding of constitutional error").

Regarding Harris' sentence, although post-*Booker*, the Sentencing Guidelines are advisory only, and an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the advisory Guidelines sentencing range for use in deciding the sentence to impose. *Gall v. United States*, 552 U.S. 38, 49 (2007).

For the career-offender challenge, the absence of binding precedent on whether Harris' 18 U.S.C. § 111 offense is a crime of violence–supporting a career-offender sentencing enhancement–precludes any error's being plain (clear or obvious). *E.g.*, *United States v. Henderson*, 646 F.3d 223, 225 (5th Cir. 2011). Furthermore, pursuant to the above-discussed prejudice standard for plain-error

review of claimed sentencing errors, Harris has not shown a reasonable probability that, but for this claimed error, he would have received a lower sentence. *E.g.*, *Davis*, 602 F.3d at 647. The court: found expressly the advisory Guideline sentencing range did not account adequately for Harris' behavior and criminal history; imposed a sentence one month below the statutory maximum and well above the advisory sentencing range; and, flatly rejected Harris' objection to the sentence, noting it was "not going to shift".

For his final contention, Harris asserts the court's failure to articulate reasons for imposing a permitted consecutive sentence requires remand for resentencing. In the light of the district court's above-described reasons for imposing a sentence above the advisory range, Harris has not shown the claimed error affected his substantial rights (would have received a lower sentence). *Id.*

AFFIRMED.