**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 26, 2012

No. 11-20404
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JONATHAN AGUIRRE-ALVA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CR-208-1

Before WIENER, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Jonathan Aguirre-Alva (Aguirre) appeals his 48-month sentence of imprisonment imposed following his guilty plea conviction for being an illegal alien in possession of a firearm. Although Aguirre's plea agreement contained a waiver of appeal, the government is not seeking to enforce that provision. Thus, we shall not enforce the waiver provision. *See United States v. Watson*, 450 F.3d 184, 185 (5th Cir. 2006).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Aguirre contends that he was sentenced in violation of the law because the district court did not order the probation office to prepare a presentence report (PSR) in accordance with Federal Rule of Criminal Procedure 32, absent which he did not have an opportunity to object to the sentencing guidelines range employed by the district court. The government takes the position that the district court plainly erred in failing to obtain a presentence report and in failing to impose a term of supervised release.

In the district court, neither Aguirre nor the government objected to the failure to require a PSR prior to sentencing. Therefore, our review is for plain error. *Puckett v. United States*, 556 U.S. 129, 129 S. Ct. 1423, 1429 (2009). The district court is required to order a presentence investigation and report prior to sentencing unless the court (1) determines that the information in the record will enable it to exercise its sentencing authority meaningfully under 18 U.S.C. § 3553 and (2) explains its findings on the record. FED. R. CRIM. P. 32(c)(1)(A); *see also* U.S.S.G. § 6A1.1, p.s. and comment; *United States v. Long*, 656 F.2d 1162, 1164-65 (5th Cir. 1981).

It is not clear from the instant record that the district court had before it sufficient information to "exercise its sentencing authority meaningfully" pursuant to FED. R. CRIM. P. 32. By imposing sentence within one week after Aguirre's entry of a guilty plea, the district court did not afford the probation office an adequate opportunity to make a complete presentence investigation and deprived both parties of the opportunity to review that office's findings to determine whether they wished to dispute them. The record does not reflect whether Aguirre's estimated guidelines range was properly calculated or whether his background reflected the existence of mitigating or aggravating factors. Thus, there was no reliable evidence in the record on which the district court could have made findings based on the preponderance of the evidence. *See United States v. O'Brien*, 130 S. Ct. 2169, 2174 (2010).

Although, at the time of sentencing, the district court was required to give reasons for not imposing a term of supervised release, a subsequent amendment to U.S.S.G. § 5D1.1 provides that, generally, a term of supervised release should not be imposed on an alien subject to deportation. § 5D1.1(c) (2011). Thus, failure to impose a term of supervised release at Aguirre's resentencing would not result in error. *See United States v. Davidson*, 984 F2d 651, 655-56 (5th Cir. 1993).

The district court's violation of FED. R. CRIM. P. 32(c)(1)(A), however, was plain error that substantially affected Aguirre's rights because, as noted above, it is not clear that his sentencing guideline range was properly calculated or that the sentence imposed was the result of a meaningful consideration of all relevant factors. *Puckett*, 129 S. Ct. at 1429; *Long*, 656 F.2d at 1164-65. As the district court erred in applying the Sentencing Guidelines, we must remand for resentencing. 18 U.S.C. 3742(f)(1). It is not necessary, however, to have a different district judge resentence Aguirre because there is no indication in the record that the district court was biased against him or would ignore the findings of the PSR if they should result in a sentencing guidelines range different from the estimated range initially considered by the sentencing court. *See Long*, 656 F.2d at 1166, n.7; *United States v. Robin,* 553 F.2d at 10-11 (2d Cir. 1977) (en banc). The district court's comments also reflect that it relied heavily on the seriousness of Aguirre's possession-of-firearms offense, a relevant factor in determining the sentence to be imposed. The record does not reflect that returning the case to the same district judge who initially sentenced Aguirre would give rise to an appearance of injustice. *Id.*

Accordingly, the sentence imposed is vacated, and the case is remanded to the district court for resentencing before the same district court judge after preparation of a PSR, unless on remand the sentencing judge should reassign this case to another section of the court for reasons of his own.

SENTENCE VACATED; CASE REMANDED FOR RESENTENCING.