**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 27, 2012

No. 10-11178
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICHAEL RAY DAVIS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:06-CR-145-1

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Michael Ray Davis appeals the revocation of his supervised release term for his conviction for mail fraud. Upon the revocation of his supervised release terms, he was sentenced to 24 months of imprisonment and 12 months of supervised release. Davis argues that the district court procedurally erred in sentencing him when it explicitly considered all of 18 U.S.C. § 3553(a) and that his 24-month sentence was, therefore, unreasonable.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-11178

Because Davis objected only generally to the reasonableness of his revocation sentence, this issue is reviewed for plain error only. *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009). To show plain error, an appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If an appellant makes such a showing, this court has the discretion to correct the error, but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

To the extent that the district court's oral pronouncement that it considered those § 3553(a) factors that it "should" consider conflicts with its statement in its written judgment that it considered "all factors" in § 3553(a), the oral pronouncement controls. *See United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001). The court's statements at the revocation hearing indicate that it considered the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." *See* § 3553(a)(2)(A). In *United States v. Miller,* 634 F.3d 841 (5th Cir.), *cert. denied,* 132 S. Ct. 496 (2011), which was decided during the pendency of Davis's appeal, this court held that the § 3553(a)(2)(A) sentencing factors may not be considered in the revocation of supervised release. The district court's reliance on a § 3553(a)(2)(A) factor was impermissible under *Miller*. *See Miller*, 634 F.3d at 844.

However, the split among the circuit courts of appeals on the issue and the lack of a published opinion from this court at the time of the district court proceedings rendered any consideration of the § 3553(a)(2)(A) factors neither clear nor obvious legal error. *See United States v. Henderson*, 646 F.3d 223, 225 (5th Cir. 2011)*; United States v. Salinas*, 480 F.3d 750, 759 (5th Cir. 2007). Accordingly, Davis has not demonstrated plain error. *See Puckett*, 129 S. Ct. at 1429.

AFFIRMED.