**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 21, 2012

Lyle W. Cayce
Clerk

No. 11-10845
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LORENZO VALDEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CR-65-1

Before HIGGINBOTHAM, DAVIS and ELROD, Circuit Judges.

PER CURIAM:[*]

Lorenzo Valdez pleaded guilty to an indictment that charged him with conspiring to possess with intent to distribute cocaine and conspiring to distribute cocaine. The district court sentenced Valdez within the advisory guidelines sentencing range to 360 months of imprisonment and a five-year term of supervised release. Valdez filed a timely notice of appeal and now challenges his sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Following *United States v. Booker*, 543 U.S. 220 (2005), sentences are reviewed for reasonableness in light of the sentencing factors set forth in 18 U.S.C. § 3553(a). *United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009). Pursuant to *Gall v. United States*, 552 U.S. 38, 49-51 (2007), we first consider whether the district court committed a "significant procedural error," such as miscalculating the advisory guidelines range. *United States v. Delgado-Martinez*, 564 F.3d 750, 752-53 (5th Cir. 2009). We generally review a district court's interpretation or application of the Guidelines de novo and its factual findings for clear error. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). "There is no clear error if the district court's finding is plausible in light of the record as a whole." *Id.* (internal quotation marks and citation omitted). If there is no procedural error or such error is harmless, we proceed to the second step and consider the substantive reasonableness of the sentence imposed for an abuse of discretion. *Delgado-Martinez*, 564 F.3d at 751-53.

Valdez's sentence was determined, in part, by using subsections of the Sentencing Guidelines that were promulgated by the Sentencing Commission on an emergency, temporary basis. He contends that these emergency provisions, which were directed by Congress in the Fair Sentencing Act, are invalid, and thus inapplicable, because the Sentencing Commission did not follow the required notice-and-comment procedure for promulgating the Sentencing Guidelines. Because Valdez did not raise this claim of procedural error in the district court, our review is only for plain error. *See United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009). To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* Generally, if we have not yet addressed an issue, the error cannot be plain or obvious. *See*

*United States v. Henderson*, 646 F.3d 223, 225 & n.5 (5th Cir. 2011), *petition for cert. filed* (Mar. 14, 2012) (No. 11-9307).  Valdez cannot show plain error here as there is no binding precedent on the issue he presents.  *See id.*

The district court increased Valdez's offense level by two levels pursuant to U.S.S.G. § 2D1.1(b)(1) based on his possession of a dangerous weapon.  Valdez challenges the enhancement, arguing that the weapon at issue was secreted in a hidden compartment of a vehicle being driven by a woman, an unindicted co-conspirator, with whom he had never before conducted a drug transaction.  He contends that the woman's possession of the weapon was not reasonably foreseeable to him.  The possession of a firearm by one co-conspirator during a drug conspiracy may be attributed to another co-conspirator as long as the possession of the weapon was reasonably foreseeable.  *United States v. Mergerson*, 4 F.3d 337, 350 (5th Cir. 1993).  Such possession is ordinarily foreseeable because firearms are tools of the drug trafficking trade.  *Id.*  The district court's finding that the weapon was foreseeable to Valdez is plausible in light of the record before us.  *See Cisneros-Gutierrez*, 51 F.3d at 764.  Accordingly, the district court did not err in applying the enhancement.  *See Mergerson*, 4 F.3d at 350.

Valdez also challenges a two-level enhancement he received under § 2D1.1(b)(14)(C), which provides that the enhancement is applicable in a case where the defendant has received an aggravating role adjustment under § 3B1.1 and, inter alia, he was "directly involved in the importation of a controlled substance."  § 2D1.1(b)(14)(C).  We have acknowledged a distinction between importation of narcotics and involvement in the importation of narcotics. *United States v. Rodriguez*, 666 F.3d 944, 946 (5th Cir.), *cert. denied*, 2012 WL 1050312 (2012).  Further, in considering § 2D1.1(b)(4), we have stated that "'involved' means 'included in the process of.'"  *Id.*  We have never had occasion to examine the meaning of the term "directly involved in the importation of" for purposes of § 2D1.1(b)(14)(C), and we need not do so here.  The district court's finding that

Valdez induced the importation of cocaine here is plausible in light of the record as a whole. *See Cisneros-Gutierrez*, 51 F.3d at 764. Further, Valdez was held accountable, as relevant conduct, for the amount of cocaine that Valdez induced the Mexican supplier to send into this country. Upon a de novo review, we conclude that, under the plain language of § 2D1.1(b)(14)(C) and its commentary, the enhancement was properly applied under the particular facts of this case. *See* § 2D1.1(b)(14)(C) & comment. (n.29(B)); *Cisneros-Gutierrez*, 517 F.3d at 764.

Having found no reversible procedural error, we turn to Valdez's argument that his 360-month sentence was substantively unreasonable. He maintains that his sentence was "simply too much" in light of his history and characteristics and the wide statutory range of sentences available to the district court. An appellant's "disagreement with the propriety of the sentence imposed does not suffice to rebut the presumption of reasonableness that attaches to [his] within-guidelines sentence." *United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010). Valdez has not shown that his sentence failed to account for a factor that should have received significant weight or represents a clear error of judgment in balancing the sentencing factors. He thus has failed to rebut the presumption of reasonableness we afford that sentence. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009); *United States v. Newson*, 515 F.3d 374, 379 (5th Cir. 2008).

AFFIRMED.