## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-20537

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

JUAN LORENZO-ZEPETA, also known as Juan Lorenzo Zepeta, also known as Juan J. Lorenzo, also known as Juan I. Zepeta, also known as Juan Gutierez Zepeta, also known as Juan Valdez Zepeta, also known as Juventino Zepeta,

      Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

February 17, 2016

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CR-213-1

Before PRADO, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

      Juan Lorenzo-Zepeta appeals the 48-month[1] sentence he received for illegal reentry after deportation. He maintains that the district court plainly

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

    [1] The district court granted defense counsel's request to decrease the sentence to 47 months to account for the time Lorenzo-Zepeta was in immigration custody.

No. 14-20537

erred by failing to explain its finding that there was sufficient information in the record to sentence him without a presentence report ("PSR"). We AFFIRM.

I.

On August 18, 2014, Lorenzo-Zepeta pleaded guilty to being unlawfully in the United States after having been deported and convicted of a felony in violation of 8 U.S.C. § 1326(a) and § 1326(b)(1). Immediately after the district court received the plea, and without ordering the preparation of a PSR, it asked Lorenzo-Zepeta if he would like "to go ahead with the sentencing," to which Lorenzo-Zepeta's attorney replied, "[w]e wouldn't object, Your Honor."[2]

In response to the court's inquiry, the Government recommended that Lorenzo-Zepeta receive a sentence within the Guidelines range, but was unable to state what that Guidelines range would be. The court then stated that it was going to rely on a judgment in Lorenzo-Zepeta's most recent illegal reentry case, in which he received a 30-month sentence. When the court asked the defendant for a recommendation on sentencing, Lorenzo-Zepeta's attorney stated that she believed 30 months was "the high end of the Guidelines." Defense counsel then requested a sentence of 12 months and a day. When asked if he had anything else to say before sentencing, Lorenzo-Zepeta apologized for returning and stated that he planned not to do so again. The court then sentenced Lorenzo-Zepeta to 48 months of imprisonment and a 3-

---

[2] The district court had the following information available to it at sentencing: (1) the fact that in March 2012, Lorenzo-Zepeta had been sentenced to 30 months imprisonment for illegal reentry after a felony conviction; (2) a sentence data sheet; and (3) a proffer. The sentence data sheet stated that Lorenzo-Zepeta was a Mexican citizen who was pleading guilty to illegal reentry after deportation and following a felony conviction. It listed the elements of the offense and the maximum penalty—10 years imprisonment, up to 3 years supervised release, a fine, and a special assessment. The proffer contained the facts that the Government would prove if the case proceeded to trial, such as Lorenzo-Zepeta's previous convictions and deportations.

No. 14-20537

year term of supervised released, noting that Lorenzo-Zepeta's conduct was "getting worse, not better."[3]  Lorenzo-Zepeta appealed.

## II.

The district court sentenced Lorenzo-Zepeta without a PSR.  Under Federal Rule of Criminal Procedure 32, "[t]he probation officer must conduct a presentence investigation and submit a report to the court before it imposes sentence unless . . . the court finds that the information in the record enables it to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553, and the court explains its finding on the record."  FED. R. CRIM. P. 32(c)(1)(A)(ii); *see also* U.S. SENTENCING GUIDELINES MANUAL § 6A1.1(a)(2) (U.S. SENTENCING COMM'N 2013).[4]  The text of Rule 32(c)(1)(A)(ii) makes clear that there are two requirements that must be met before a defendant can be sentenced without a PSR: (1) there must be information in the record that enables the district court to meaningfully exercise its sentencing authority, and (2) the court must explain on the record its finding that there is sufficient information in the record to sentence the defendant.  FED. R. CRIM. P. 32(c)(1)(A)(ii); *see also United States v. Aguirre-Alva*, 459 F. App'x 395, 396 (5th Cir. 2012).[5]

Lorenzo-Zepeta's appeal is based solely on the second requirement of Rule 32(c)(1)(A)(ii).  He affirmatively stated at oral argument that he is not appealing the failure to obtain a PSR itself.  He maintains that the district

---

[3] In the written statement of reasons, the district court checked the box indicating that the record established there was no need for a PSR under Federal Rule of Criminal Procedure 32.

[4] At the time of Lorenzo-Zepeta's sentencing, the 2013 Guidelines were in effect.  *See United States v. Myers*, 772 F.3d 213, 218 (5th Cir. 2014) (noting the general rule that the district court "must apply the version of the sentencing guidelines effective at the time of sentencing" (quoting *United States v. Rodarte-Vasquez*, 488 F.3d 316, 322 (5th Cir. 2007))).

[5] Although *Aguirre-Alva* is not "controlling precedent," it "may be [cited as] persuasive authority."  *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006) (citing 5th Cir. R. 47.5.4).

court did not explain its finding that there was sufficient information in the record to sentence him, and he appeals only this asserted failure.

### III.

A good argument can be made that Lorenzo-Zepeta waived the lack of explanation by affirmatively stating that he would not object to proceeding to sentencing immediately. While it is true that a defendant cannot waive the preparation of a PSR, U.S. SENTENCING GUIDELINES MANUAL § 6A1.1(b), Lorenzo-Zepeta does not appeal the lack of a PSR. The Guidelines do not suggest that a party cannot waive the district court's "sufficient information" explanation. We need not decide the waiver issue because we conclude his argument fails even under the standard of error he urges: plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). Plain error review involves four prongs:

> (1) "there must be an error or defect—some sort of [d]eviation from a legal rule—that has not been intentionally relinquished or abandoned"; (2) "the legal error must be clear or obvious, rather than subject to reasonable dispute"; (3) "the error must have affected the appellant's substantial rights"; and (4) "if the above three prongs are satisfied, the court of appeals has the *discretion* to remedy the error— discretion which ought to be exercised only if the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."

*United States v. Escalante-Reyes*, 689 F.3d 415, 419 (5th Cir. 2012) (en banc) (quoting *Puckett*, 556 U.S. at 135).

In assessing plain error here, we note a few things. To this day, neither party has affirmatively demonstrated what the Guidelines range would be in this case, so we cannot assess the degree of deviation from such a range. Both sides have offered only "guesses" as to what the range would have been. Yet Lorenzo-Zepeta does not appeal the failure to properly calculate or calculate at

all the Guidelines range.  Additionally, the record is clear that the district court made a careful assessment of Lorenzo-Zepeta's history and characteristics, and he has not pointed to any information the district court did not have that, if known, would support a lower sentence.  Thus, we are not at all persuaded that Lorenzo-Zepeta has shown an effect on his substantial rights, even if we assume arguendo an error that was plain.  We need not decide this "third prong," because we conclude that Lorenzo-Zepeta clearly fails to satisfy the "stringent requirement[]" of the fourth prong.  *Id.* at 423.  The fourth prong "is dependent upon the degree of the error and the particular facts of the case." *United States v. John*, 597 F.3d 263, 288 (5th Cir. 2010).  Accordingly, the fourth prong is not automatically satisfied where the other three prongs are met.  *Escalante-Reyes*, 689 F.3d at 425.

On the facts of this case, the lack of an explanation did not seriously affect the fairness, integrity, or public reputation of judicial proceedings. Lorenzo-Zepeta maintains that the fourth prong is satisfied because he received a sentence that was above the appropriate Guidelines range.  But he has utterly failed to show that his sentence is, indeed, above the Guidelines range and, if it is, by how much.  More importantly, even assuming his sentence is above the range, he has not shown that the error he appealed caused the sentence to be above the Guidelines range.  The sentence he received is well below the statutory maximum of 10 years.

Further, as noted above, his attorney did not request any "sufficient information finding" from the district court, instead expressly stating that he would not object to the district court proceeding.  *See United States v. Carrillo-Gonzales*, No. 15-50156, 2015 WL 9287511, at *2 (5th Cir. Dec. 21, 2015) (determining that the admission of a laboratory report was not reversible under the fourth prong of plain error review where counsel stated he had no objection to the report's admission).  Finally, given that we have previously

No. 14-20537

affirmed cases in which the explanation given was not lengthy, *see, e.g.*, *United States v. Cantu*, 786 F.2d 712, 713 n.1 (5th Cir. 1986), we conclude that this is not a circumstance in which we must exercise our discretion to correct the error. *See Escalante-Reyes*, 689 F.3d at 425. Accordingly, we AFFIRM.[6]

---

[6] Because we affirm the district court's sentence, we need not reach Lorenzo-Zepeta's second issue on appeal—whether on remand the case should be assigned to a new judge.